LOCKS LAW FIRM LLC
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
(856) 663-8200
Attorneys for Plaintiff(s)
By: Jennifer E. Troast, Esquire

DOLORES TROILO and KOREY SLOAN, As Administrators of the Estate DAVEN SLOAN and DOLORES TROILO in her own right and KOREY SLOAN in his own right

Plaintiff(s),

v.

RICHARD MICHNER, M.D.; JOSEPH MILIO, D.O.; MARY HERRON, N.P.; CATHY GERIA, A.P.N.; COMPLETE CARE WOMEN'S CENTER; MICHNER & MILIA, PA ; CAPE REGIONAL MEDICAL CENTER; JOHN DOES, M.D. #1-10; JANE ROES, R.N. #1-10; ABC CORPORATION #1-10,

Defendant(s).

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: CAPE MAY COUNTY

DOCKET NO.: CPM-L-[illegible]-12

CIVIL ACTION

**MEDICAL MALPRACTICE COMPLAINT, JURY DEMAND, DEMAND FOR ANSWERS TO INTERROGATORIES, DEMAND FOR DOCUMENTS**

Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Troilo, in her own right and Korey Sloan in his own right, residing at 1466 Burleigh Avenue, Cape May Courthouse, New Jersey, by of Complaint say:

## JURISDICTION AND VENUE

This Court is the proper Court of Jurisdiction and Venue. All times relevant to this matter, Plaintiffs herein have resided in the County of Cape May, State of New Jersey. All acts complained of in this Complaint occurred in New Jersey, within the County of Cape May, and the Defendants regularly conduct business in Cape May County, New Jersey.

## COUNT I

1. At all times material to this matter, Defendant, Richard Michner, M.D., (hereinafter "Dr. Michner"), was a physician, obstetrician, gynecologist, surgeon, and/or other medical doctor, duly licensed to practice medicine in the State of New Jersey, and was engaged in the practice of this profession in Cape May Courthouse, New Jersey.

2. At all times material to this matter, Defendant, Joseph Milio, D.O., (hereinafter "Dr. Milio"), was a physician, obstetrician, gynecologist, surgeon, and/or other medical doctor, duly licensed to practice medicine in the State of New Jersey, and was engaged in the practice of this profession in Cape May Courthouse, New Jersey.

3. At all times hereinafter mentioned, Defendant Mary Herron, N.P. (hereinafter referred to as "Herron"), was a registered nurse or nurse practitioner, duly licensed to practice nursing in the State of New Jersey.

4. At all times hereinafter mentioned, Defendant Cathy Geria, A.P.N. (hereinafter referred to as "Geria"), was an advanced practice nurse or registered nurse, duly licensed to practice nursing in the State of New Jersey.

5. At all times material to this matter, Defendant, Complete Women's Care Center, was a professional association, and/or partnership, and/or corporation, and/or hospital, and/or medical institution, operating in Cape May Courthouse, New Jersey. Defendant Complete Women's Care Center provided, directly and through its physicians, surgeons, nurses, agents, employees and other healthcare professionals, medical services to its patients. Upon information and belief Plaintiff was treated at Complete Women's Care Center by Defendants herein.

6. At all times material to this matter, Defendant, Michner & Milia, PA, was a

professional association, and/or partnership, and/or corporation, and/or hospital, and/or medical institution, operating in Cape May Courthouse, New Jersey. Defendant Michner & Milia provided, directly and through its physicians, surgeons, nurses, agents, employees and other healthcare professionals, medical services to its patients. Upon information and belief, Plaintiff received medical care from Defendants herein, who were a part of this medical group.

7. At all times material to this matter, Defendant, Cape Regional Medical Center (hereinafter "Cape Regional"), was a professional association, and/or partnership, and/or corporation, and/or hospital, and/or other medical institution, operating in Cape May Courthouse, New Jersey. Defendant Cape Regional provided, directly and through its physicians, surgeons, nurses, agents, employees and other healthcare professionals, medical services to its patients. Plaintiff received medical care at Defendant, Cape Regional by Defendants herein.

8. At all times material to this matter, Defendant, John Does, M.D., #1-10 was/were physicians, obstetricians, surgeons, and/or other health care providers duly licensed to practice in the State of New Jersey and was/were engaged in the practice of his/her profession in Cape May Courthouse, New Jersey.

9. At all times material to this matter, Defendant, Jane Roes, R.N., #1-10 was/were registered nursed, licensed practical nurses, nurses practitioners, labor and delivery nurses, and/or other health care providers duly licensed to practice in the State of New Jersey and was/were engaged in the practice of his/her/their profession in Cape May Courthouse, New Jersey.

10. At all times material to this matter, Defendant, ABC Corporations #1-10 was/were a professional associations, partnerships, corporations, hospitals, or other health care providers duly licensed to operate in the State of New Jersey, and were so operating with the State of New Jersey.

LOCKS LAW FIRM LLC • *ATTORNEYS AT LAW*
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002

**WHEREFORE**, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, demand judgment against Defendants, jointly and severally, plus costs of suit, and such other relief as is just and proper.

## COUNT II

11. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, repeat the allegations of paragraphs 1-7, inclusive, as if same were hereto set forth in detail herein.

12. Defendant, Richard Michner, M.D., was an obstetrician/gynecologist, who undertook to diagnose, treat, or otherwise care for Plaintiff Dolores Troilo, in the course of his practice. Defendant Dr. Michner provided obstetric care for Dolores Troilo from approximately December 2010 until approximately July 2011, during the pregnancy at issue.

13. Defendant, Dr. Michner, was careless, negligent and/or grossly negligent in the care and treatment provided to Plaintiff Dolores Troilo and Devan Sloan in failing to properly monitor and manage Plaintiff's prenatal care in failing to timely and safely deliver Davan Sloan, and by failing to prevent Daven's death.

14. Defendant, Dr. Michner, and other Defendants, were careless, negligent and/or grossly negligent in that they:

a. failed to exhibit proper precautions and/or supervision during Plaintiff's prenatal care and treatment;

b. failed to recognize Plaintiff's obstetrical condition appropriately and in a timely fashion;

c. failed to treat Plaintiff's obstetrical condition appropriately and in a timely fashion;

d. failed to monitor Plaintiff's obstetrical condition appropriately and in a timely fashion:

e. failed to observe the standard of care and skill commonly exercised by obstetricians/gynecologists in similar cases:

f. failed to render reasonable, professional obstetrical care under the circumstances:

g. failed to conform to the requisite standards of obstetrical and gynecological care:

h. failed to communicate adequately with other physicians involved in the care and/or evaluation of Plaintiff;

i. failed to evaluate and appreciate the risk factors including fetal growth restriction that existed during Plaintiff's pregnancy that increased the risk of fetal death during the delivery of Daven Sloan;

j. failed to properly manage Plaintiff's pregnancy so to prevent the death of Daven Sloan;

k. failed to order appropriated prenatal testing to assess the baby's condition so as to prevent the death of Daven Sloan;

l. failed to request the appropriate assistance and consultation from other physicians;

m. failed to timely deliver Plaintiff's infant when the signs clearly indicated earlier delivery;

n. failed to obtain proper informed consent.

15. Defendant, Dr. Michner, undertook the aforesaid care of Plaintiff with the knowledge and intention that Plaintiffs would rely on Defendant's opinions, training, experience, and expertise with regard to the medical care, specifically the obstetrical and gynecological care, rendered to her during the course of treatment.

16. Defendant, Dr. Michner, undertook the aforesaid care of Plaintiff for compensation, rendered by Plaintiff or on behalf of Plaintiff.

17. Defendant, Dr. Michner, held himself out to the Plaintiff and the public as an expert in medicine, specifically in the specialty of obstetrics and gynecology.

18. Defendant, Dr. Michner, owed a duty of care to Plaintiff, which duty was breached to Plaintiffs' great detriment.

19. Defendant, Dr. Michner, was not, and is not, a state employee entitled to immunity under the New Jersey Tort Claims Act, or any other immunity from liability.

20. Plaintiffs invoke the doctrines of Respondeat Superior, Ostensible Agency, and Res Ipsa Loquitor.

21. As the direct and proper result of the negligence, carelessness, gross negligence and recklessness of Defendant, Dr. Michner, Plaintiffs, Dolores Trollo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, have endured, and will continue to endure, great physical and emotional suffering, pain, anguish, humiliation, embarrassment, loss of enjoyment of life, loss of earnings and earnings capacity, and have incurred, and will continue to incur in the future, medical bills.

**WHEREFORE**, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, demand judgment against Defendant, Dr. Michner, jointly and severally, as well as costs of suit, and other such relief as is just and proper.

## COUNT III

22. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, repeat the allegations of paragraphs 1-21, inclusive, as if same were hereto set forth in detail herein.

23. Defendant, Joseph Milio, D.O., was an obstetrician/gynecologist, who

undertook to diagnose, treat, or otherwise care for Plaintiff Dolores Troilo, in the course of his practice. Defendant Dr. Milio provided obstetric care for Dolores Troilo from approximately December 2010 until approximately July 2011, during the pregnancy at issue.

24. Defendant, Dr. Milio, was careless, negligent and/or grossly negligent in the care and treatment provided to Plaintiff Dolores Troilo and Devan Sloan in failing to properly monitor and manage Plaintiff's prenatal care in failing to timely and safely deliver Davan Sloan, and by failing to prevent Daven's death.

25. Defendant, Dr. Milio, and other Defendants, were careless, negligent and/or grossly negligent in that they:

a. failed to exhibit proper precautions and/or supervision during Plaintiff's prenatal care and treatment;

b. failed to recognize Plaintiff's obstetrical condition appropriately and in a timely fashion;

c. failed to treat Plaintiff's obstetrical condition appropriately and in a timely fashion;

d. failed to monitor Plaintiff's obstetrical condition appropriately and in a timely fashion;

e. failed to observe the standard of care and skill commonly exercised by obstetricians/gynecologists in similar cases;

f. failed to render reasonable, professional obstetrical care under the circumstances;

g. failed to conform to the requisite standards of obstetrical and gynecological care;

h. failed to communicate adequately with other physicians involved in the care and/or evaluation of Plaintiff;

i. failed to evaluate and appreciate the risk factors including fetal growth restriction that existed during Plaintiff's pregnancy that increased the risk of fetal death during the delivery of Daven Sloan;

j. failed to properly manage Plaintiff's pregnancy so to prevent the death of Daven Sloan;

k. failed to order appropriated prenatal testing to assess the baby's condition so as to prevent the death of Daven Sloan;

l. failed to request the appropriate assistance and consultation from other physicians;

m. failed to timely deliver Plaintiff's infant when the signs clearly indicated earlier delivery;

n. failed to obtain proper informed consent.

26. Defendant, Dr. Milio, undertook the aforesaid care of Plaintiff with the knowledge and intention that Plaintiffs would rely on Defendant's opinions, training, experience, and expertise with regard to the medical care, specifically the obstetrical and gynecological care, rendered to her during the course of treatment.

27. Defendant, Dr. Milio, undertook the aforesaid care of Plaintiff for compensation, rendered by Plaintiff or on behalf of Plaintiff.

28. Defendant, Dr. Milio, held himself out to the Plaintiff and the public as an expert in medicine, specifically in the specialty of obstetrics and gynecology.

29. Defendant, Dr. Milio, owed a duty of care to Plaintiff, which duty was breached to Plaintiffs' great detriment.

30. Defendant, Dr. Milio, was not, and is not, a state employee entitled to immunity under the New Jersey Tort Claims Act, or any other immunity from liability.

31. Plaintiffs invoke the doctrines of Respondeat Superior, Ostensible Agency, and Res Ipsa Loquitor.

LOCKS LAW FIRM LLC • *ATTORNEYS AT LAW*
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002

32. As the direct and proper result of the negligence, carelessness, gross negligence and recklessness of Defendant, Dr. Milio, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, have endured, and will continue to endure, great physical and emotional suffering, pain, anguish, humiliation, embarrassment, loss of enjoyment of life, loss of earnings and earnings capacity, and have incurred, and will continue to incur in the future, medical bills.

**WHEREFORE**, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, demand judgment against Defendant, Dr. Milio, jointly and severally, as well as costs of suit, and other such relief as is just and proper.

## COUNT IV

33. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, repeat the allegations of paragraphs 1-32, inclusive, as if same were hereto set forth in detail herein.

34. Defendant, Mary Herron, N.P., was a nurse practitioner, who undertook to diagnose, treat, or otherwise care for Plaintiff Dolores Troilo, in the course of her practice. Defendant Herron provided obstetric care for Dolores Troilo from approximately December 2010 until approximately July 2011, during the pregnancy at issue. Defendant Herron was practicing out of, and was an employee of Defendant, Complete Care Women's Center when she treated Plaintiff.

35. Defendant, Herron, was careless, negligent and/or grossly negligent in the care and treatment provided to Plaintiff Dolores Troilo and Devan Sloan in failing properly

monitor and manage Plaintiff's prenatal care in failing to timely and safely deliver Davan Sloan, and by failing to prevent Daven's death.

36.    Defendant, Herron, and other Defendants, were careless, negligent and/or grossly negligent in that they:

    a.    failed to exhibit proper precautions and/or supervision during Plaintiff's care and treatment;

    b.    failed to recognize Plaintiff's obstetrical condition appropriately and in a timely fashion;

    c.    failed to treat Plaintiff's obstetrical condition appropriately and in a timely fashion;

    d.    failed to monitor Plaintiff's obstetrical condition appropriately and in a timely fashion;

    e.    failed to observe the standard of care and skill commonly exercised by nurse practitioners in similar cases;

    f.    failed to render reasonable, professional obstetrical care under the circumstances;

    g.    failed to conform to the requisite standards of obstetrical and gynecological care;

    h.    failed to communicate adequately with physicians involved in the care and/or evaluation of Plaintiff;

    i.    failed to evaluate and appreciate the risk factors that existed during Plaintiff's pregnancy that increased the risk of fetal death during the delivery of Daven Sloan and failed to advise the attending OBs of these risk factors in a timely manner;

    j.    failed to properly manage Plaintiff's pregnancy so to prevent the death of Daven Sloan;

    k.    failed to provide proper prenatal care so as to prevent the death of Daven Sloan;

    l.    failed to request the appropriate assistance and consultation from supervising physicians;

LOCKS LAW FIRM LLC  •  ATTORNEYS AT LAW
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002

m. failed to communicate critical information to the attending physicians, Dr. Michner and/or Dr. Milio;

n. failed to obtain proper informed consent.

37. Defendant, Herron, undertook the aforesaid care of Plaintiff with the knowledge and intention that Plaintiffs would rely on Defendant's opinions, training, experience, and expertise with regard to the medical care, specifically the obstetrical and gynecological care, rendered to her during the course of treatment.

38. Defendant, Herron, undertook the aforesaid care of Plaintiff for compensation, rendered by Plaintiff or on behalf of Plaintiff.

39. Defendant, Herron, held herself out to the Plaintiff and the public as an expert in nursing, specifically in the specialty of obstetrics and gynecology.

40. Defendant, Herron, owed a duty of care to Plaintiff, which duty was breached to Plaintiffs' great detriment.

41. Defendant, Herron, was not, and is not, a state employee entitled to immunity under the New Jersey Tort Claims Act, or any other immunity from liability.

42. Plaintiffs invoke the doctrines of Respondeat Superior, Ostensible Agency, and Res Ipsa Loquitor.

43. As the direct and proper result of the negligence, carelessness, gross negligence and recklessness of Defendant, Herron, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, have endured, and will continue to endure, great physical and emotional suffering, pain, anguish, humiliation, embarrassment, loss of enjoyment of life, loss of earnings and earnings capacity, and have incurred, and will continue to incur in the future, medical bills.

**WHEREFORE**, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, demand judgment against Defendant, Herron, jointly and severally, as well as costs of suit, and other such relief as is just and proper.

## COUNT V

44. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, repeat the allegations of paragraphs 1-43, inclusive, as if same were hereto set forth in detail herein.

44. Defendant, Cathy Geria, A.P.N., was an advanced practice nurse, who undertook to diagnose, treat, or otherwise care for Plaintiff Dolores Troilo, in the course of her practice. Defendant Geria provided obstetric care for Dolores Troilo from approximately December 2010 until approximately July 2011, during the pregnancy at issue. Defendant Geria practiced out of and was employed by Defendant, Complete Women's Care where she treated Plaintiff.

45. Defendant, Geria, was careless, negligent and/or grossly negligent in the care and treatment provided to Plaintiff Dolores Troilo and Devan Sloan in failing to properly monitor and manage Plaintiff's prenatal care in failing to timely and safely deliver Davan Sloan, and by failing to prevent Daven's death.

46. Defendant, Geria, and other Defendants, were careless, negligent and/or grossly negligent in that they:

a. failed to exhibit proper precautions and/or supervision during Plaintiff's care and treatment;

b. failed to recognize Plaintiff's obstetrical condition appropriately and in a timely fashion;

c. failed to treat Plaintiff's obstetrical condition appropriately and in a timely fashion;

d. failed to monitor Plaintiff's obstetrical condition appropriately and in a timely fashion;

e. failed to observe the standard of care and skill commonly exercised by nurse practitioners in similar cases;

f. failed to render reasonable, professional obstetrical care under the circumstances;

g. failed to conform to the requisite standards of obstetrical and gynecological care;

h. failed to communicate adequately with physicians involved in the care and/or evaluation of Plaintiff;

i. failed to evaluate and appreciate the risk factors that existed during Plaintiff's pregnancy that increased the risk of fetal death during the delivery of Daven Sloan and failed to advise the attending OBs of these risk factors in a timely manner;

j. failed to properly manage Plaintiff's pregnancy so to prevent the death of Daven Sloan;

k. failed to provide proper prenatal care so as to prevent the death of Daven Sloan;

l. failed to request the appropriate assistance and consultation from supervising physicians;

m. failed to communicate critical information to the attending physicians, Dr. Michner and/or Dr. Milio;

n. failed to obtain proper informed consent.

47. Defendant, Geria, undertook the aforesaid care of Plaintiff with the knowledge and intention that Plaintiffs would rely on Defendant's opinions, training, experience, and expertise with regard to the medical care, specifically the obstetrical and gynecological care, rendered to her during the course of treatment.

LOCKS LAW FIRM LLC • *ATTORNEYS AT LAW*
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002

48. Defendant, Geria, undertook the aforesaid care of Plaintiff for compensation, rendered by Plaintiff or on behalf of Plaintiff.

49. Defendant, Geria, held herself out to the Plaintiff and the public as an expert in nursing, specifically in the specialty of obstetrics and gyneoology.

50. Defendant, Geria, owed a duty of care to Plaintiff, which duty was breached to Plaintiffs' great detriment.

51. Defendant, Geria, was not, and is not, a state employee entitled to immunity under the New Jersey Tort Claims Act, or any other immunity from liability.

52. Plaintiffs invoke the doctrines of Respondeat Superior, Ostensible Agency, and Res Ipsa Loquitor.

53. As the direct and proper result of the negligence, carelessness, gross negligence and recklessness of Defendant, Geria, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, have endured, and will continue to endure, great physical and emotional suffering, pain, anguish, humiliation, embarrassment, loss of enjoyment of life, loss of earnings and earnings capacity, and have incurred, and will continue to incur in the future, medical bills.

**WHEREFORE,** Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, demand judgment against Defendant, Geria, jointly and severally, as well as costs of suit, and other such relief as is just and proper.

## COUNT VI

54. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of

Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, repeat the allegations of paragraphs 1-53, inclusive as if same were set forth in detail herein.

55. Defendant, Complete Care Women's Center, is a professional association and/or partnership and/or corporation and/or hospital and/or other medical group, duly licensed and operating in the State of New Jersey. Upon information and belief, Defendant, Complete Care Women's Center was a medical group/clinic/center where Plaintiff sought medical treatment from all of the Defendants herein.

56. Defendant, Complete Care Women's Center was negligent, careless, reckless, or grossly negligent through its employees, servants and agents, in the medical care and treatment rendered to Plaintiffs.

57. Defendant, Complete Care Women's Center was negligent, careless, reckless, or grossly negligent in the training, staffing, hiring, firing and supervision of its employees, servants and agent.

58. Defendant, Complete Care Women's Center, owed a duty of care to Plaintiffs, which duty was breached to Plaintiffs' great detriment.

59. Plaintiffs invoke the doctrines Respondeat Superior, Ostensible Agency, and Res Ipsa Loquitor.

60. As the direct and proximate result of the negligence, carelessness, gross negligence and recklessness of Defendant, Complete Care Women's Center, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own rights, have endured, and will continue to endure, great physical and emotional suffering, pain, anguish humiliation, embarrassment, loss of enjoyment of life, loss of earnings and earning capacity, and have incurred, and will continue to inure in the future, medical

bills.

**WHEREFORE**, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, demand judgment against the Defendant, Complete Care Women's Center, jointly and severally, including costs of suit and other such relief as is just and proper.

**COUNT VII**

61. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, repeat the allegations of paragraphs 1-25, inclusive as if same were set forth in detail herein.

62. Defendant, Michner & Milia, PA is a professional association and/or partnership and/or corporation and/or hospital and/or other medical group, duly licensed and operating in the State of New Jersey. Upon information and belief Defendant, Michner & Milia, PA was the medical group of which Defendant, Richard Michner, M.D. and Defendant, Joseph Milio, D.O., were members, employees or associates of, at the time of Plaintiff's treatment.

63. Defendant, Michner & Milia, PA was negligent, careless, reckless, or grossly negligent through its employees, servants and agents, in the medical care and treatment rendered to Plaintiffs.

64. Defendant, Michner & Milia, PA was negligent, careless, reckless, or grossly negligent in the training, staffing, hiring, firing and supervision of its employees, servants and agent.

65. Defendant, Michner & Milia, PA, owed a duty of care to Plaintiffs, which duty was breached to Plaintiffs' great detriment.

66. Plaintiffs invoke the doctrines Respondeat Superior, Ostensible Agency, and Res Ipsa Loquitor.

67. As the direct and proximate result of the negligence, carelessness, gross negligence and recklessness of Defendant, Michner & Milia, PA, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own rights, have endured, and will continue to endure, great physical and emotional suffering, pain, anguish humiliation, embarrassment, loss of enjoyment of life, loss of earnings and earning capacity, and have incurred, and will continue to inure in the future, medical bills.

**WHEREFORE**, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, demand judgment against the Defendant, Michner & Milia, PA, jointly and severally, including costs of suit and other such relief as is just and proper.

## COUNT VIII

68. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, repeat the allegations of paragraph 1-67, inclusive, as if same were set forth in detail herein.

69. Defendant, Cape Regional Medical Center, was a hospital and/or professional association, and/or partnership, and/or corporation, and/or medical institution, and/or other business entity, duly licensed and operating in the State of New Jersey.

70. Defendant, Cape Regional, was negligent, careless, reckless, and grossly negligent through its employees, servants, and/or agents, in the medical care and treatment it rendered

through the aforementioned individuals to Dolores Troilo and Daven Sloan in or about July 2011.

71. Defendant, Cape Regional, was negligent, oareless, reckless, and grossly negligent in the training, staffing, hiring, firing, and supervision of its employees, servants and agents.

72. Defendant, Cape Regional, owed a duty of care to Plaintiff, which duty was breached to the Plaintiffs' great detriment.

73. Plaintiffs invoke the doctrines Respondeat Superior, Ostensible Agency,, and Res Ipsa Loquitor.

74. As the direct and proximate result of the negligence, carelessness, gross negligence and recklessness of Defendant, Cape Regional, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, have endured, and will continue to endure, great physical and emotional suffering, pain, anguish humiliation, embarrassment, loss of enjoyment of life, loss of earnings and earning capacity, and have incurred, and will continue to inure in the future, medical bills.

**WHEREFORE**, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, demand judgment against the Defendant, Cape Regional, jointly and severally, including costs of suite and other such relief as is just and proper.

## COUNT IX

75. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, repeat the allegations of paragraphs 1-74, inclusive, as if same were set forth in detail herein.

76. Defendant, Johns Does, M.D. #1-10, was/were physicians, and/or surgeons, and/or obstetricians, and/or gynecologists, and/or other medical health providers, who undertook to

diagnose, treat, and otherwise care for Dolores Troilo, from December of 2010 through July of 2011. Defendant, John Does, M.D. #1-10, were physicians that undertook to provide Plaintiff Dolores Troilo with prenatal care. John Does, M.D. #1-10 physicians were also physicians who undertook to care for Dolores Troilo during her labor and delivery in July of 2011 while she was a patient at Defendant Cape Regional Medical Center. Despite diligent effort, Plaintiff has been unable to identify John Does, M.D.

77. Defendant, John Does, M.D. #1-10, undertook the aforesaid care of Dolores Troilo, with the knowledge and intention that Plaintiff would rely on Defendant's opinions, training, experience and expertise with regard to obstetrical, gynecological, and other medical care rendered to Dolores Troilo during the course of her prenatal care, labor, and delivery.

78. Defendant, John Docs, M.D. #1-10, held himself/themselves out to Plaintiffs, Plaintiffs' family, and the public, as an expert in medicine, and specifically as an expert in obstetrics and gynecology.

79. Defendant, John Does, M.D. #1-10, are not, state employees, nor are they entitled to Tort Claims Act immunity or other immunity from liability.

80. Defendant, John Does, M.D. # 1-10, owed a duty of care to Plaintiff, which duty was breached to Plaintiffs' great detriment.

81. Plaintiffs invoke the doctrines <u>Respondeat Superior</u>, <u>Ostensible Agency</u>,, and <u>Res Ipsa Loquitor.</u>

82. As the direct and proximate result of the negligence, carelessness, gross negligence and recklessness of Defendant, John Does, M.D. #1-10, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, have endured, and will continue to endure, great physical and

emotional suffering, pain, anguish humiliation, embarrassment, loss of enjoyment of life, loss of earnings and earning capacity, and have incurred, and will continue to inure in the future, medical bills.

**WHEREFORE**, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, demand judgment against the Defendant, John Does, M.D. #1-10, jointly and severally, including costs of suit and other such relief as is just and proper.

## COUNT X

83. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, repeat the allegations of paragraphs 1-82, inclusive, as if same were set forth in detail herein.

84. Defendants, Jane Roes, R.N. # 1-10, was/were registered nurses, and/or licensed practical nurses, and/or nurse practitioners, and/or obstetrical nurses, and/or labor and delivery nurses, and/or other nursing healthcare providers, who undertook to diagnose, treat, and otherwise care for Plaintiff Dolores Troilo during her labor and delivery, in or about July of 2011. Jane Roes, R.N. #1-10 were labor and delivery nurses who cared for and monitored Plaintiff's baby during her labor. Despite diligent efforts, Plaintiff has been unable to identify Jane Roes, R.N.

85. Defendant, Jane Roes, R.N. #1-10, undertook the aforesaid care of Dolores Troilo with the knowledge and intention that Plaintiff would reply on Defendant's, opinions, training, experience, and expertise with regard to the nursing care rendered to her during the course of her care and treatment.

86. Defendant, Jane Roes, R.N. #1-10, held herself/themselves out to Plaintiffs, Plaintiffs' family, and the public, as an expert in the area of nursing.

87. Defendant, Jane Roes, R.N. #1-10, are not, state employees, nor are they entitled to Tort Claims Act immunity or other immunity for liability.

88. Defendant, Jane Roes, R.N. #1-10, owed a duty care to Plaintiff, which duty was breached to Plaintiffs' great detriment

89. Plaintiffs invoke the doctrines of Respondeat Superior, Ostensible Agency, and Res Ipsa Loquitor.

90. As the direct and proximate result of negligence, carelessness, gross negligence and recklessness of Defendant, Jane Roes, R.N. #1-10, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, have endured, and will continue to endure, great physical and emotional suffering, pain, anguish humiliation, embarrassment, loss of enjoyment of life, loss of earnings and earning capacity, and have incurred, and will continue to inure in the future, medical bills.

**WHEREFORE**, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, demand judgment against the Defendant, Jane Roes, R.N. #1-10, jointly and severally, including costs of suit and other such relief as is just and proper.

## COUNT XI

91. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, repeat the allegations of paragraphs 1-90, inclusive, as if same were set forth in detail herein.

92. Defendant, ABC Corporations #1-10 was/were a professional association, and/or partnership, and/or corporation, and/or hospital, and/or other duly licensed medical facility,

licensed and operating in the State of New Jersey, who may have employed Defendants in this case, or are medical groups in which Defendants were members or employees. Despite diligent efforts, Plaintiff has been unable to identify ABC Corporations.

93. Defendant, ABC Corporation #1-10, was/were negligent, careless, reckless, and grossly negligent, through its employees, servants, and agents in the medical care and treatment that it provided to Dolores Troilo and Daven Sloan, through the aforementioned individuals.

94. Defendant, ABC Corporations #1-10, was/were negligent, careless, reckless, and grossly negligent, in the training, staffing, hiring, firing, supervision of its employees, servants, and agents.

95. Defendant, ABC Corporations #1-10, owed a duty care to Plaintiff, which duty of care was breached to Plaintiffs' great detriment.

96. Plaintiffs invoke the doctrines of Respondeat Superior, Ostensible Agency, and Res Ipsa Loquitor.

97. As the direct and proximate result of the negligence, carelessness, gross negligence and recklessness of Defendant, ABC Corporation #1-10, Plaintiffs Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, have endured, and will continue to endure, great physical and emotional suffering, pain, anguish, humiliation, embarrassment, loss of enjoyment of life, loss of earnings and earning capacity, and have incurred, and will continue to incur medical bills both now and into the future.

**WHEREFORE**, Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right,

demand judgment against the Defendant, ABC Corporations #1-10, jointly and severally, including costs of suit and other such relief as is just and proper.

**COUNT XII**

**DOLORES TROILO**
**v.**
**RICHARD MICHNER, M.D.;JOSEPH MILIO, D.O.; MARY HERRON, N.P.; CATHY GERIA, A.P.N.; COMPLETE CARE WOMEN'S CENTER; MICHNER & MILIA, PA; CAPE REGIONAL MEDICAL CENTER; JOHN DOES, M.D. #1-10; JANE ROES, R.N. #1-10, ABC CORPORATIONS #1-10**

98. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, repeat the allegations of paragraphs 1-97, inclusive, as if same were set forth in detail herein.

99. As a direct and proximate result of the carelessness, negligent conduct or negligent omissions all of the Defendants named herein, Plaintiff Dolores Troilo, as Administrator of the Estate of Daven Sloan, has endured, and will continue to endure in the future, great emotional suffering, pain, anguish, humiliation, embarrassment, shame, and loss as of the result of the death of her daughter Daven Sloan.

100. As a direct and proximate result of the aforesaid negligence, carelessness, recklessness or gross negligence of all Defendants herein, Plaintiff Dolores Troilo, as Administrator of the Estate of Daven Sloan, has been obligated to spend various sums of money to treat injuries caused as the result of her daughter's death; Plaintiff's enjoyment of life and earning capacity has been impaired, and her life expectancy shortened; all to Plaintiff's great loss.

**WHEREFORE**, Plaintiff, Dolores Troilo, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, demand judgment against all of the Defendants named

herein, jointly and severally, including costs of suit and other such relief as is just and proper.

**COUNT XIII**

**EMOTIONAL DISTRESS**

101. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right repeat the allegations of paragraphs 1-100, inclusive, as if same were set forth in detail herein.

102. As direct and proximate result of the negligence, carelessness, recklessness, and gross negligence of all the Defendants named herein, Plaintiff Dolores Troilo, in her own right, has endured, and will continue to endure in the future, great emotional suffering, pain, anguish, humiliation, embarrassment, shame, and loss as of the result of the death of her daughter, Daven Sloan.

103. Plaintiff, Dolores Troilo, witnessed the negligent acts and/or omissions leading to the death of her daughter, Daven Sloan.

104. As a direct and proximate result of the aforesaid negligence, carelessness, recklessness or gross negligence of all Defendants herein, Plaintiff Dolores Troilo, suffered severe emotional distress because of the death of her child; caused by the negligence of Defendants herein.

**WHEREFORE**, Plaintiff, Dolores Troilo, in her own right, demands judgment against all of the Defendants named herein, jointly and severally, including costs of suit and other such relief as is just and proper.

**COUNT XIV**

**KOREY SLOAN**

LOCKS LAW FIRM LLC • *ATTORNEYS AT LAW*
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002

v.

**RICHARD MICHNER, M.D.; JOSEPH MILIO, D.O.; MARY HERRON, N.P.; CATHY GERIA, A.P.N.; COMPLETE CARE WOMEN'S CENTER; MICHNER & MILIA, PA; CAPE REGIONAL MEDICAL CENTER; JOHN DOES, M.D. #1-10; JANE ROES, R.N. #1-10, ABC CORPORATIONS #1-10**

104. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, repeat the allegations of paragraphs 1-103, inclusive, as if same were set forth in detail herein.

105. As direct and proximate result of the negligence, carelessness, recklessness, and gross negligence of all the Defendants named herein, Plaintiff, Korey Sloan, as the Administrator of the Estate of Daven Sloan, has endured, and will continue to endure in the future, great emotional suffering, pain, anguish, humiliation, embarrassment, shame, and pecuniary loss as the result of the death of his daughter, Daven Sloan.

106. As a direct and proximate result of the aforesaid negligence, carelessness, recklessness or gross negligence of all Defendants herein, Plaintiff Korey Sloan, as Administrator of the Estate of Daven Sloan, has been obligated to spend various sums of money to treat injuries caused as the result of his daughter's death; Plaintiff's enjoyment of life and earning capacity has been impaired, and his life expectancy shortened; all to Plaintiff's great loss.

**WHEREFORE**, Plaintiff, Korey Sloan, as Administrator of the Estate of Daven Sloan, demands judgment against all of the Defendants named herein, jointly and severally, including costs of suit and other such relief as is just and proper.

## COUNT XV

## EMOTIONAL DISTRESS

LOCKS LAW FIRM LLC • *ATTORNEYS AT LAW*
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002

Case 1:13-cv-02012-RMB-AMD Document 1-3 Filed 03/29/13 Page 25 of 30 PageID: 32

108. Plaintiffs, Dolores Troilo and Korey Sloan, as Administrators of the Estate of Daven Sloan, and Dolores Trolio, in her own right, and Korey Sloan, in his own right, repeat the allegations of paragraphs 1-107, inclusive, as if the same were set forth in detail herein.

109. Plaintiff, Korey Sloan, as Administrator of the Estate of Daven Sloan, witnessed the acts and/or omissions leading to the death of his daughter, Daven Sloan.

110. As a direct and proximate result of the negligence, carelessness, recklessness, and gross negligence of all the Defendant named herein, Plaintiff Korey Sloan, in his own right, has endured, and will continue to endure in the future, great suffering, pain, anguish, humiliation, embarrassment, shame, and loss as the result of the death of his daughter, Daven Sloan.

111. As a direct and proximate result of the aforesaid negligence, carelessness, recklessness or gross negligence of all Defendants herein, Plaintiff Korey Sloan, in his own right, has suffered emotional distress.

**WHEREFORE**, Plaintiff, Korey Sloan, in his own right, demands judgment against all of the Defendants named herein, jointly and severally, including costs of suit and other such relief as is just and proper.

LOCKS LAW FIRM, LLC
Attorneys for Plaintiffs

Dated: 1/11/12

Jennifer E. Troast

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, it shall be Michael A. Galpern, Esquire.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

## INTERROGATORY DEMAND

Plaintiff hereby demand answers to Form C and C3 Interrogatories from each and every named defendant herein.

## DOCUMENT DEMAND

Plaintiffs hereby demand that Defendant herein each attach:

1. A complete copy of all written records, bills, correspondence, and notes that each defendant has in its possession regarding Plaintiffs.

2. A complete copy of all policies and procedure each defendant has in its possession, which were in effect at the time of the act or omission, which are the subject of the allegations contained herein.

3. A complete copy of incident reports, quality assurance reports, utilization review reports, or like documents that each defendant has in its possession pertaining to the care and treatment rendered to plaintiff for a complete and true transcription of each and every progress note, consultation, physician's order, and accompanying signature, along with the specialty of each individual.

4. A copy of all documents signed by Plaintiff Dolores Troilo and/or Korey Sloan, consenting to all treatment or procedure performed or prescribed by each Defendant.

LOCKS LAW FIRM, LLC
Attorneys for Plaintiffs

Dated: 1/11/12

Jennifer E. Troast

LOCKS LAW FIRM, LLC
Attorneys for Plaintiffs

Dated: 1/11/12

Jennifer E. Troast

LOCKS LAW FIRM LLC • ATTORNEYS AT LAW
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002

## CERTIFICATION OF COUNSEL

I, Jennifer E. Troast, Esquire, hereby certify that the following statement made by me are true to the best of my knowledge:

a. This action as pled is not presently subject to any other action or arbitration proceeding.

b. No other action or arbitration proceeding is contemplated at this time by counsel.

c. I am unaware of any other parties who should be joint in this action

I hereby certify that the foregoing statement made by me are true, I am aware that if any of the foregoing statement made by me are willfully false, I am subject to punishment.

LOCKS LAW FIRM, LLC
Attorneys for Plaintiffs

Dated: 1/11/12

Jennifer E. Troast

LOCKS LAW FIRM LLC • *ATTORNEYS AT LAW*
457 Haddonfield Road, Suite 500 • Cherry Hill, NJ 08002