[NOT FOR PUBLICATION]                              [DOCKET NOS. 51 & 53]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                  :
DOLORES TROILO and KOREY          :
SLOAN, As Administrators          :
of the Estate of DAVEN            :
SLOAN and DOLORES TROILO          :
in her own right and KOREY        :
SLOAN in his own right,           :
                                  :
          Plaintiffs,             :    HONORABLE RENÉE MARIE BUMB
                                  :    CIVIL ACTION NO. 13-2012
      v.                          :
                                  :          OPINION
RICHARD MICHNER, D.O.,            :
JOSEPH MILIO, D.O., MARY          :
HERRON, N.P., CATHY GERIA,        :
A.P.N., COMPLETE CARE             :
HEALTH NETWORK d/b/a/             :
COMPLETE CARE WOMEN'S             :
CENTER, MICHNER & MILIA,          :
P.A., CAPE REGIONAL               :
MEDICAL CENTER,                   :
                                  :
          Defendants.             :
_____:
```

**APPEARANCES**:

LOCKS LAW FIRM, LLC
By:  Jennifer L. Emmons, Esq.
801 N. Kings Highway
Cherry Hill, New Jersey 08034
        Counsel for Plaintiffs

DRAKE LAW FIRM, P.C.
By:  Steven Drake, Esq.
P.O. Box 345
29 North Shore Road
Absecon, New Jersey 08201
        Counsel for Defendant Dr. Richard Michner

1

CRAMMER, BISHOP & O'BRIEN
By:  David J. Bishop, Esq.
508 New Jersey Avenue, Suite B-3
Absecon, New Jersey 08201
         Counsel for Defendant Cape Regional Medical Center

OFFICE OF THE UNITED STATES ATTORNEY
By:  David V. Bober, Esq.
402 East State Street, Room 430
Trenton, New Jersey 08608
         Counsel for the United States

**BUMB**, United States District Judge:

   This medical malpractice suit arises out of the tragic stillbirth of Plaintiffs' baby.  "Plaintiffs [Delores Troilo and Korey Sloan] allege that the Defendants' violation of the applicable standard of care resulted in the failure to properly diagnose [Delores] with intrauterine growth restriction and to deliver Plaintiffs' baby in a timely manner to avoid stillbirth." (Opposition brief to the United States' Motion for Summary Judgment, Docket #60, p. 1).

   Troilo received most of her prenatal care at a clinic owned by Complete Care Health Network.  Complete Care is federally-funded.  Earlier in this case, the United States was substituted for Defendant Complete Care and its two nurses, Defendants Mary Herron and Cathy Geria.  It is undisputed that the provisions of

the Federal Tort Claims Act govern the claims asserted against these Defendants.[1]

Before the Court are two Motions filed by the United States: (1) a Motion to Amend its Answer to include defenses pursuant to the New Jersey Charitable Immunity Act ("NJCIA"), specifically N.J.S.A. 2A:53A-7 and -8; and (2) a Motion for Summary Judgment on those same defenses.[2]

Plaintiffs oppose the Motion to Amend, and alternatively request leave to take discovery concerning Complete Care's charity status. Similarly, in opposition to the United States' Motion for Summary Judgment, Plaintiffs reassert their request for discovery.

For the reasons stated herein, the Court will grant the United States' Motion to Amend its Answer, and will permit limited discovery concerning Complete Care's status as a

---

[1] Troilo received other prenatal care, and delivered her baby, at Defendant Cape Regional Medical Center. Cape Regional's pending summary judgment motion will be addressed in a separate opinion.
  Defendants Michner and Milio are doctors employed as independent contractors at Cape Regional. Dr. Milio was dismissed from this suit by stipulation dated August 6, 2015.
  Dr. Michner remains a Defendant to this suit. He has not filed a motion for summary judgment. The dispositive motion deadline has passed.

[2] The United States also moves for summary judgment asserting that Plaintiffs cannot establish that the United States Defendants' alleged negligence proximately caused Plaintiffs' injuries.

charity. The Motion for Summary Judgment will be administratively terminated pending completion of discovery.

### I. Background and Procedural History

As stated above, this is a medical malpractice negligence action. The complaint was originally filed in January, 2012, in Cape May County Superior Court, against all of the above-captioned non-diverse Defendants. At the time the suit was filed, Plaintiffs' attorney was not aware that Complete Care was a federally-funded facility.

In March, 2013, the United States entered an appearance on behalf of Complete Care, and Nurses Herron and Geria, and removed the suit to this Court pursuant to the Federal Tort Claims Act's removal provision, 28 U.S.C. § 2679(d).[3]

The case then proceeded. Magistrate Judge Donio entered the Scheduling Order at issue, setting May 30, 2014 as the deadline for Amended Pleadings.

---

[3] During the approximately 15 months between the complaint's filing in state court and the United States removing the case, Plaintiffs became aware of Complete Care's federal status and pursued their administrative remedies against the United States. The U.S. Attorney General denied Plaintiffs' claim on January 8, 2013.

Not long thereafter, Senior United States District Judge Irenas denied the United States' Motion to Dismiss.[4]

On May 6, 2014, the United States filed its Answer. While the pleading included various generic statements of defenses-- including an assertion that "defendant . . . has, or may have, additional affirmative defenses that are not known to defendant at this time" (eighth defense)-- the Answer did not include any defense specifically based on the NJCIA.

Approximately 10 months after the amended pleading deadline-- and also, notably after the January 30, 2015 deadline for fact discovery (Docket #33)[5]-- the New Jersey Supreme Court decided *Kuchera v. Jersey Shore Family Health Center,* 221 N.J. 239 (2015). In that case the issues before the Court are the same issues raised here by the United States: "whether [under the NJCIA] the health care facility is entitled to charitable immunity . . . , or the limited liability afforded to nonprofit entities organized exclusively for hospital purposes." *Kuchera*,

---

[4] The United States argued that the Court lacked subject matter jurisdiction because the Plaintiffs had not exhausted their administrative remedies. At oral argument on the Motion, Senior District Judge Irenas held that Plaintiffs had exhausted their administrative remedies, and an order reflecting his ruling was entered the same day. (See Docket Entry 19)

Judge Irenas passed away in October, 2015. The case was reassigned to the undersigned.

[5] Counsel for the United States asserts in his brief that "pretrial fact discovery did not close until August 2015." (Moving Brief, Docket #51-1, p. 5) Only expert discovery was extended until August 2015. (See Docket #s 34, 40, 47)

221 N.J. at 241. The United States interprets this decision as expanding the scope of the damages cap provision of the NJCIA.[6]

According to the United States, "[a]s soon as the *Kuchera* decision issued, the Department of Justice revisited its prior analysis of the applicability of the NJCIA to federally qualified health centers in New Jersey," (Moving Brief, Docket #51, p. 14). Approximately five weeks later, the United States stated in a brief filed with the Court that, "the Government intends to argue in a future dispositive motion that it is shielded from liability by the New Jersey Charitable Immunity Statute." (Docket #42, p. 19 n.4)

Thereafter, the United States reaffirmed its intentions with regard to its NJCIA defenses in correspondence with Plaintiffs' counsel (see Bober Decl. ¶¶ 2,4,5 and Ex. A & B); and then filed the instant Motion to Amend on September 14, 2015.

The United States timely filed the instant summary judgment motion four days later.

---

[6] Plaintiffs contend *Kuchera* narrowed the scope of the absolute immunity provision of the NJCIA; a proposition the United States does not directly dispute. Indeed, it appears that both parties' positions could be correct, insofar as the New Jersey Supreme Court reversed the Appellate Division's holding that the defendant-appellee hospital was entitled to absolute immunity, holding instead that the hospital was only entitled to limited liability. *Kuchera*, 221 N.J. at 242.

## II. Legal Standard

### A. Motion to Amend Answer

#### (1) Fed. R. Civ. P. 16

A party seeking to amend a pleading after the deadline set by the applicable scheduling order must demonstrate "good cause" for modifying the order. Fed. R. Civ. P. 16(b)(4). Good cause may be based upon a "showing that the delay 'stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Merrell v. Weeks Marine, Inc.*, 2013 U.S. Dist. LEXIS 107170 at *10 (D.N.J. July 31, 2013) (quoting *Fermin v. Toyota Material Handling, USA, Inc.*, No. 10-3722, 2012 U.S. Dist. LEXIS 56422 (D.N.J. April 23, 2012)).

#### (2) Fed. R. Civ. P. 15

At this stage of the proceedings, "a party may amend its pleading only . . . with the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied upon a finding of: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

### B. Motion for Summary Judgment

7

Federal Rule of Civil Procedure 56(d) provides, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

**III. Analysis**

  **A. Motion to Amend Answer**

    **(1) Rule 16 analysis**

The United States' reason for seeking to belatedly amend its Answer is stated clearly and succinctly: "the basis for the amendment is new case law."  (Moving Brief, Docket #51, p. 15)

Plaintiffs counter, however, that while *Kuchera* was indisputably decided after the relevant deadlines, *Kuchera* did not *change* the law at all with respect to the key question: whether defenses under the NJCIA were *available* to the United States when it filed its Answer.[7]  The answer to this question can only be "yes," the defenses were available; the United States itself cites a 2011 Third Circuit case for the

---

[7] *Cf. Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) ("a judgment may be altered or amended if the party seeking reconsideration shows . . . an intervening *change* in the controlling law")(emphasis added).

8

proposition that "[the] United States 'is entitled to the protection of the immunity the NJCIA provides.'" (Docket #42, p. 19, n.4)(citing *Lomando v. United States*, 667 F.3d 363, 369-70 (3d Cir. 2011))(see also Docket #51, p. 10-11).

Thus, the Court rejects the United States' "new case law" argument. New case law is not tantamount to a change in the law. *Kuchera* did not make available a new defense that was previously unavailable.

Nonetheless, nothing before the Court suggests that the United States' failure to plead its NJCIA defenses was the result of anything other than a mistake or excusable neglect. Mistake and excusable neglect do establish good cause to depart from the deadline set in the Scheduling Order. *Merrell*, 2013 U.S. Dist. LEXIS at *10. Therefore, the Court holds that the United States has satisfied the requirements of Rule 16(b)(4).

### (2) Rule 15 Analysis

Additionally, the Court holds that justice requires granting the United States' leave to amend. Plaintiffs do not assert any reason why leave to amend would not be appropriate under Rule 15 standards. Indeed, Plaintiffs will not be prejudiced by the amendment because the Court will grant them leave to conduct discovery related to the newly-added NJCIA defenses.

### (3) The United States' Subject Matter Jurisdiction Argument

Although the United States' moving brief cites and applies the Rule 15 and 16 standards to argue that it should be granted leave to amend, it also argues that it should be granted leave to amend because one of the two defenses it seeks to add-- the absolute immunity defense, N.J.S.A. 2A:53A-7-- is a subject matter jurisdiction defense, which the United States contends, may be raised at any time.

The United States' reasoning is this: the Federal Tort Claims Act functions as a limited waiver of the United States' sovereign immunity to suit. To the extent that the FTCA carves out from that waiver all immunities to suit that would be available to it under state law, *see* 28 U.S.C. § 2674, it has preserved its sovereign immunity and therefore this Court lacks subject matter jurisdiction. (See United States' Summary Judgment Moving Brief, Docket #53-1, p. 36-39)

Thus, in this case, if the Court were to hold the United States absolutely immune from suit under the NJCIA, the Court simultaneously would be holding that the United States has not waived its sovereign immunity, and therefore the Court lacks subject matter jurisdiction.

The Court need not decide the issue, however, because it only pertains to the absolute immunity defense provided by N.J.S.A. 2A:53A-7, not the limited liability / damages cap defense provided by N.J.S.A. 2A:53A-8.  Simply put, even if the United States prevailed on its subject matter jurisdiction argument, it would only get half of the relief it seeks in its Motion to Amend.[8]

The Court has already held, with regard to both defenses, that the United States has satisfied the requirements of Rules 16 and 15.  Thus, the Court need not rule on the United States' alternate argument that leave to amend should be granted because its NJCIA absolute immunity defense is, in the context of this FTCA action, a subject matter jurisdiction defense.

### B. Motion for Summary Judgment

As stated previously, the United States moves for summary Judgment, asserting three arguments: (1) absolute immunity pursuant to N.J.S.A. 2A:53A-7; (2) limited liability pursuant to N.J.S.A. 2A:53A-8; and (3) Plaintiffs cannot establish proximate causation.

---

[8] There also appears to be some conceptual tension between the United States' position that *Kuchera* broadened the applicability of the NJCIA limited liability provision, *see supra* at p. 6 and n.6, and its position that it is entitled to absolute immunity under the NJCIA.  However, the current disposition of the motions does not require the Court to reconcile the tension.

Plaintiffs oppose the motion, asserting that they need discovery concerning Complete Care's status under the NJCIA. Alternatively, they argue that only "partial immunity" (i.e., limited liability) applies, and that they have put forth evidence establishing proximate causation.

While Plaintiffs have not filed the affidavit or declaration required by Fed. R. Civ. P. 56(d), Plaintiffs' counsel has stated, in her opposition brief, the following:

> Plaintiffs request, at a minimum, the following discovery:
>
> 1.  Copies of Complete Care's Form 990 filings for the years 2007-2011;
>
> 2.  Any and all documents evidencing all fundraising activities conducted by Complete Care for years 2007-2011;
>
> 3.  The identity of all persons who actively participated in any fundraising activities conducted on behalf of Complete Care, or other similar activities involving the solicitation of private funds;
>
> 4.  Any and all documents evidencing the expenditure of private funds that were received through fundraising or solicitation activities of Complete Care for the years 2007-2011, and the identity of all persons with knowledge of the same;
>
> 5.  Copies of every application for funding, grants, or other contributions and donations submitted by Complete Care to privately owned entities, organizations, or foundations for the years 2007-2011 and the identity of all persons who handled said applications;
>
> 6.  Any and all documents evidencing all income or other funding received by Complete Care from any

>    government entity, including but not limited to Medicare and Medicaid, for the years 2007-2011;
>
>    7.   Any and all documents evidencing all income or other funding received by Complete Care from any non-governmental entity for the years 2007 through 2011;
>
>    8.   Copies of all contracts and/or agreements between Complete Care and any hospital, and the identity of any persons with knowledge of said contracts and/or agreements.

(Summary Judgment Opposition Brief, Docket #60, p. 11)

Plaintiffs contend they require this information because, they assert, the relevant legal inquiry is Complete Care's "'aims, [] origins, and [] method of operation,'" not simply Complete Care's tax-exempt or non-profit status.  (Plaintiffs' Summary Judgment Opposition Brief, Docket # 60, p. 7, quoting *Klein v. Bristol Glen, Inc.*, 2010 WL 3075582 (App. Div. Aug. 4, 2010)); *see also Kuchera*, 221 N.J. at 253 ("[w]hether a nonprofit entity, whose certificate of incorporation and by-laws provide that it is organized exclusively for charitable, religious, educational, or hospital purposes, actually conducts its affairs consistent with its stated purpose often requires a fact-sensitive inquiry.").

The United States, in response, states, "the Government is willing to consent to additional discovery that is narrowly tailored to the charitable-immunity issue for the time period in question [December 2010 through June 2011]."  It also asserts

that it has produced at least some of the information Plaintiffs request, in the form of declarations, Articles of Incorporation, Bylaws, audited financial statements, and annual reports for the years 2010 and 2011. (See United States' Reply Brief, Docket #61, p. 5-6, n.1).

In light of the parties' positions, the Court will defer considering the United States' Motion for Summary Judgment, and will order Plaintiffs to file the requisite Rule 56(d) affidavit or declaration. Plaintiffs shall specify in their Rule 56(d) submission why they need the information sought-- particularly for the years prior to 2010, and why the discovery already produced by the United States is insufficient.

**IV.**

For the above-stated reasons, the United States' Motion to Amend its Answer will be granted. The United States' Motion for Summary Judgment will be administratively terminated pending limited discovery related to Complete Care's charity status under the NJCIA. The Court shall determine the scope of that discovery after Plaintiffs file their Rule 56(d) affidavit or declaration. An appropriate order accompanies this opinion.

                                      <u>s/Renée Marie Bumb</u>  
                                      RENÉE MARIE BUMB  
                                      United States District Judge  

Dated: <u>November 12, 2015</u>