[NOT FOR PUBLICATION]                          [DOCKET NO. 38]


UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DOLORES TROILO and KOREY SLOAN, As Administrators of the Estate of DAVEN SLOAN and DOLORES TROILO in her own right and KOREY SLOAN in his own right, | : : : : : : : : | |
| Plaintiffs, | : : | HONORABLE RENÉE MARIE BUMB CIVIL ACTION NO. 13-2012 |
| v. | : : | **OPINION** |
| RICHARD MICHNER, D.O., JOSEPH MILIO, D.O., MARY HERRON, N.P., CATHY GERIA, A.P.N., COMPLETE CARE HEALTH NETWORK d/b/a/ COMPLETE CARE WOMEN'S CENTER, MICHNER & MILIA, P.A., CAPE REGIONAL MEDICAL CENTER, | : : : : : : : : : | |
| Defendants. | : | |
| _____ | : | |


**APPEARANCES:**

LOCKS LAW FIRM, LLC
By:  Jennifer L. Emmons, Esq.
801 N. Kings Highway
Cherry Hill, New Jersey 08034
        Counsel for Plaintiffs

DRAKE LAW FIRM, P.C.
By:  Steven Drake, Esq.
P.O. Box 345
29 North Shore Road
Absecon, New Jersey 08201
        Counsel for Defendant Dr. Richard Michner

CRAMMER, BISHOP & O'BRIEN
By:  David J. Bishop, Esq.
508 New Jersey Avenue, Suite B-3
Absecon, New Jersey 08201
          Counsel for Defendant Cape Regional Medical Center

OFFICE OF THE UNITED STATES ATTORNEY
By:  David V. Bober, Esq.
402 East State Street, Room 430
Trenton, New Jersey 08608
          Counsel for the United States

**BUMB**, United States District Judge:

     This is a medical malpractice suit brought by Plaintiffs

alleging negligent obstetrical treatment by Defendants.[1]

Plaintiffs allege that Defendants' negligent treatment resulted

in the stillbirth of Plaintiffs' baby.  Defendant hospital, Cape

Regional Medical Center (hereinafter "Cape Regional"), presently

moves for summary judgment asserting that it cannot be held

liable for the alleged negligent actions of Defendant Dr.

Richard Michner (hereinafter "Dr. Michner") because Dr. Michner

was an independent contractor with no apparent authority to act

on behalf of the hospital.

---

[1]  While pregnant, Plaintiff Delores Troilo received medical
treatment at two different places: Defendant Cape Regional
Medical Center-- which has filed the instant summary judgment
motion-- and Defendant Complete Care Health Network.
     As to the Defendant doctors, Dr. Milio was dismissed from
this suit by stipulation dated August 6, 2015.  Dr. Michner
remains a Defendant to this suit.  He has not filed a motion for
summary judgment.  The dispositive motion deadline has passed.

For the reasons stated herein, the Motion will be denied. The summary judgment record raises sufficient fact questions concerning apparent authority.  If this case proceeds to trial, the issue shall be submitted for jury determination via special interrogatories.

## I.

Plaintiff Dolores Troilo was pregnant from December 2010 to July 2011.  During Ms. Troilo's pregnancy, she was treated by Dr. Michner on only two occasions. (Troilo-Sloan Dep. p. 90) The first occasion was June 28, 2011, after Ms. Troilo had fallen on her stomach. (Id.)

The second occasion was July 3 through 4, 2011, when Dr. Michner performed the stillbirth delivery of Plaintiff's baby. (Id. at 92)

On both occasions, it is undisputed that Ms. Troilo was treated by Dr. Michner at Cape Regional.

Ms. Troilo received treatment at Cape Regional several other times during her pregnancy.  Ms. Troilo's medical chart demonstrates that she was treated at Cape Regional on January 12, 2011; February 26, 2011; April 13, 2011; June 13, 2011; June 18, 2011; June 28, 2011; and July 3, 2011. (Pls.' Opp'n Summ. Ex. D)

On three of her visits to Cape Regional, Ms. Troilo signed forms giving her consent and authorization for treatment at the hospital. (Ex. E, F, and G to Def.'s Mot.)  Each form has a section entitled "Independent Physicians," stating the following:

> I understand that the physicians on the staff of CAPE REGIONAL MEDICAL CENTER are not agents or employees of the medical center but, rather are independent physicians who have been granted the privilege of using its facilities for the care and treatment of their patients.
>
> I HAVE READ THIS FORM OR HAD IT FULLY EXPLAINED TO ME. I AM SATISFIED THAT I UNDERSTAND ITS CONTENTS AND SIGNIFICANCE. I UNDERSTAND THAT THE PHYSICIANS PROVIDING MY CARE ARE NOT EMPLOYEES OR AGENTS OF THE HOSPITAL.

(Ex. E, F, and G to Def.'s Mot.)(Caps in originals)  Notably, in Defendant's Exhibits E and F, this section appears last on the one-page form, such that the sentence immediately preceeding Troilo's signature is the sentence stating, "I UNDERSTAND THAT THE PHYSICIANS PROVIDING MY CARE ARE NOT EMPLOYEES OR AGENTS OF THE HOSPITAL." (Id.)

Ms. Troilo testified that she has a high school degree but has "a hard time reading."  (Pl's Ex. E)  She explained at her deposition, "[l]ike I understand what I can tell you, but I'm slow so I really don't know big words." (Id.)

4

It is undisputed that Dr. Michner was indeed an independent physician utilizing Cape Regional's facilities, and not an employee of Cape Regional.

## II.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). When deciding whether the moving party is entitled to summary judgment, the Court must construe the facts and inferences in a light most favorable to the nonmoving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court's role is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## III.

Defendant Cape Regional moves for summary judgment asserting that no reasonable factfinder could conclude on this record that Plaintiffs reasonably believed that Dr. Michner was

acting on behalf of the hospital.  As set forth below, questions of fact preclude summary judgment at this time.

Dr. Michner's contractual relationship with Cape Regional as an independent contractor is undisputed.  Generally, a principal is immune from liability for the negligence of independent contractors. *See Basil v. Wolf*, 193 N.J. 38, 935 A.2d 1154, 1169 (2007).  However, under a theory of apparent authority, liability may be imposed on a principal "not as a result of the reality of a contractual relationship but rather because of the actions of a principal . . . in somehow misleading the public into believing that the relationship or the authority exists." *Id.* at 1172 (quoting *Arthur v. St. Peters Hospital*, 169 N.J. Super. 575, 405 A.2d 443, 446 (Law Div. 1979)).

The standard for apparent authority has two elements: (1) conduct by the principal that would lead a person to reasonably believe that another person acts on the principal's behalf; and (2) acceptance of the agent's service by one who reasonably believes it is rendered on behalf of the principal.  *Estate of Cordero, ex rel. Cordero v. Christ Hosp.*, 403 N.J. Super. 306 (App. Div. 2008).

With regard to the first element, a factfinder may consider the following factors to determine whether a hospital's conduct would lead a patient to reasonably believe that a doctor acted

6

on the hospital's behalf: (1) whether the hospital supplied the doctor; (2) the nature of the medical care; (3) any notice of the doctor's independence from the hospital or disclaimers of responsibility; (4) the patient's opportunity to reject the care or choose a different doctor; (5) the patient's contacts with the doctor prior to the incident at issue; and (6) any special knowledge about the doctor's contractual arrangement with the hospital. *Cordero*, 403 N.J. Super. at 318-19.

With regard to the second element, "the plaintiff's reasonable belief may be presumed unless evidence is presented to rebut this presumption." New Jersey Courts Model Civil Jury Charge, § 5.50 Apparent Authority[2] (*citing Arthur*, 169 N.J. Super. at 577-78).

In *Cordero*, the Appellate Division denied a hospital's motion for summary judgment because of the hospital's inaction in correcting the misimpression of agency. *Id.* at 319-20. The Court reasoned that because the hospital had established a system whereby a doctor arrived without explanation and without any prior contact with the patient, a reasonable patient could assume that the doctor's services were provided by the hospital. *Id.* Without taking any action to correct that assumption, the

_____

[2]   *Available at* https://www.judiciary.state.nj.us/civil/
civindx.htm

Court explained, the hospital was not entitled to summary judgment. *Id.* at 109.

This is a closer case than *Cordero* insofar as the hospital here provided a conspicuous written disclaimer.  But *Cordero* makes clear that a disclaimer is just one factor, among many, that a factfinder must consider.  Moreover, in light of the record evidence that Ms. Troilo has difficulty reading, a jury could find that Troilo did not have sufficient notice of Dr. Michner's independence from Cape Regional, that is, that Cape Regional did not undertake sufficient measures to provide notice under these facts.

Also, the circumstances under which Ms. Troilo came to Cape Regional for prenatal treatment could support the reasonable conclusion that Ms. Troilo had no opportunity to reject the care she received or to choose a different doctor.  *See Thompson v. Robert Wood Johnson Univ. Hosp.*, 2011 U.S. Dist. LEXIS 63980 at *36 (D.N.J. June 15, 2011) (denying summary judgment on apparent authority, stating, "[t]here is no evidence . . . that Plaintiffs were given an opportunity to select or reject the care provided in the pathology department [of the hospital]."), *see also Santana v. Chaudri,* 2012 N.J. Super. Unpub. LEXIS 38, at *22-23 (App. Div. Jan. 11, 2012) ("Plaintiffs' evidence was sufficient to present a *prima facie* case of apparent authority with respect to Drs. Chaudri and Vergara, thus requiring the

hospital to present its case in rebuttal.  The hospital will have that opportunity at the trial on remand.") (citing *Cordero*).

Lastly, the undisputed record demonstrates that Ms. Troilo saw Dr. Michner on only two occasions-- both times at the hospital, never outside the hospital.  Indeed, Plaintiffs contend that Dr. Michner's negligence occurred during the first visit; that by the second hospital visit, it was too late to save Plaintiffs' baby.  (See Opposition Brief, Docket #39 p. 4, ¶ 15)

"Questions of apparent authority are questions of fact and are therefore for the jury to determine." *Gizzi v. Texaco, Inc.*, 437 F.2d 308, 310 (3d Cir. 1971).  Considering the totality of the circumstances, which must be viewed in the light most favorable to Plaintiffs, the Court holds that a reasonable jury could conclude that Cape Regional's actions and inactions led Plaintiffs to reasonably believe that Dr. Michner worked for Cape Regional.

Plaintiffs have raised material fact issues requiring determination by a jury.  Cape Regional's Motion for Summary Judgment will be denied.

**IV.**

In light of the foregoing, Defendant Cape Regional Medical Center's Motion for Summary Judgment will be denied.  If this case proceeds to trial, and the jury finds Dr. Michner liable, special interrogatories will be used to determine whether Dr. Michner's negligence can be attributed to Cape Regional on a theory of apparent authority.  An appropriate Order accompanies this Opinion.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge
Dated: November 13, 2015