[NOT FOR PUBLICATION]                                          [DOCKET NO. 78]

                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

                                          :
DOLORES TROILO and KOREY                  :
SLOAN, As Administrators                  :
of the Estate of DAVEN                    :
SLOAN and DOLORES TROILO                  :
in her own right and KOREY                :
SLOAN in his own right,                   :
                                          :
          Plaintiffs,                     :    HONORABLE RENÉE MARIE BUMB
                                          :    CIVIL ACTION NO. 13-2012
     v.                                   :
                                          :           **OPINION**
RICHARD MICHNER, D.O.,                    :
JOSEPH MILIO, D.O., MARY                  :
HERRON, N.P., CATHY GERIA,                :
A.P.N., COMPLETE CARE                     :
HEALTH NETWORK d/b/a/                     :
COMPLETE CARE WOMEN'S                     :
CENTER, MICHNER & MILIA,                  :
P.A., CAPE REGIONAL                       :
MEDICAL CENTER,                           :
                                          :
          Defendants.                     :
_____:

**APPEARANCES**:

LOCKS LAW FIRM, LLC
By:  Jennifer L. Emmons, Esq.
801 N. Kings Highway
Cherry Hill, New Jersey 08034
         Counsel for Plaintiffs

DRAKE LAW FIRM, P.C.
By:  Steven Drake, Esq.
P.O. Box 345
29 North Shore Road
Absecon, New Jersey 08201
         Counsel for Defendant Dr. Richard Michner

1

CRAMMER, BISHOP & O'BRIEN
By:  David J. Bishop, Esq.
508 New Jersey Avenue, Suite B-3
Absecon, New Jersey 08201
        Counsel for Defendant Cape Regional Medical Center

OFFICE OF THE UNITED STATES ATTORNEY
By:  David V. Bober, Esq.
402 East State Street, Room 430
Trenton, New Jersey 08608
        Counsel for the United States


**BUMB**, United States District Judge:

Presently before the Court is Defendant Cape Regional Medical Center's "Motion to Limit Damages" (Docket Entry #78). The Court concludes that the Motion is most properly construed as a motion for summary judgment filed after the dispositive motion deadline.  For the reasons stated herein, the Motion will be denied because Cape Regional cannot establish good cause for its delay in filing the motion.

**I.   Background and Procedural History**

The underlying facts of this suit are recited in the Court's previous two summary judgment opinions found at docket entries 63 and 65.  See *Troilo v. Michner,* 2015 U.S. Dist. LEXIS 154015 (D.N.J. Nov. 12, 2015); 2015 U.S. Dist. LEXIS 153687 (D.N.J. Nov. 13, 2015).

The following facts are most directly relevant to the instant motion.

Plaintiffs' complaint was filed in New Jersey state court in January, 2012. The case was removed to this Court in March, 2013.

In January, 2015, Magistrate Judge Donio set the dispositive motion deadline for June 26, 2015. On March 24, 2015-- i.e., well before the deadline-- Cape Regional filed a Motion for Summary Judgment. The summary judgment motion asserted only one argument: that Cape Regional could not be held liable for its individual doctors' asserted malpractice on a theory of apparent authority.

Approximately one month after the summary judgment motion was fully briefed, on May 4, 2015, Judge Donio entered an Amended Scheduling Order which extended the dispositive motion deadline to July 31, 2015.

Cape Regional filed no other motions of any kind until the instant motion was filed on January 18, 2016.

Notably, however, in two separate motions filed on September 14, 2015, and September 18, 2015, Cape Regional's Co-Defendant, the United States (on behalf of Complete Care Women's Center), raised the identical issue Cape Regional now attempts to raise: the limited liability defense under the New Jersey

Charitable Immunity Act (NJCIA) as interpreted by *Kuchera v. Jersey Shore Family Health Center*, 221 N.J. 239 (2015).[1]

**II.  Legal Standard**

A party seeking to file a dispositive motion after the deadline set by the applicable scheduling order must demonstrate "good cause" for modifying the order.  Fed. R. Civ. P. 16(b)(4). Good cause may be based upon a "showing that the delay 'stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'"  *Merrell v. Weeks Marine, Inc.*, 2013 U.S. Dist. LEXIS 107170 at *10 (D.N.J. July 31, 2013) (quoting *Fermin v. Toyota Material Handling, USA, Inc.*, No. 10-3722, 2012 U.S. Dist. LEXIS 56422 (D.N.J. April 23, 2012)).

**III. Analysis**

While the instant motion's title suggests that it is a motion *in limine*, the issue raised-- limitation of liability under the NJCIA-- requires a summary judgment analysis.  Indeed, the Court's opinion addressing this issue as it applies to the United States clearly illustrates as much.  *See Troilo,* 2015 U.S. Dist. LEXIS 154015 (D.N.J. Nov. 12, 2015) (administratively

---

[1]  The United States obtained an extension if its dispositive motion deadline until September 18, 2015. (See Order at Docket #48)  Cape Regional did not seek a similar extension.

terminating the United States' motion for summary judgment and granting Plaintiffs discovery concerning Complete Care's status under the NJCIA).[2]

As the Court observed in that previous opinion, the NJCIA defense has been available since the outset of this lawsuit. *See Troilo,* 2015 U.S. Dist. LEXIS 154015 at *7-8 ("*Kuchera* did not make available a new defense that was previously unavailable."). Cape Regional could have included the NJCIA defense in its original summary judgment motion (filed in March, 2015) but it did not.

Even further, Cape Regional did not file any motion when the United States raised the NJCIA defense in September, 2015. Again, at this later time Cape Regional could have raised the issue but did not.

Now, approximately four months after the United States' motion for summary judgment, five-and-a-half months after the dispositive motion deadline, and nine months after Cape Regional's only motion for summary judgment, Cape Regional has effectively moved for summary judgment on the NJCIA issue

---

[2] *See also Young v. United States,* 2015 U.S. Dist. LEXIS 163046 at *9 (D.N.J. Dec. 2, 2015) (Kugler, D.J.) ("[T]his Court will treat the issue of a [NJCIA] damages cap as a motion for summary judgment and apply the standard of Federal Rule of Civil Procedure 56."); *cf. Walters v. YMCA,* 2015 N.J. Super. Unpub. LEXIS 2315 (Law Div. Sept. 18, 2015) (addressing, on a motion for summary judgment, the YMCA's status under the NJCIA).

without even acknowledging that it has raised the issue very late.

The Court finds no good cause to excuse Cape Regional from the dispositive motion deadline set in the applicable scheduling order. Indeed, the Court finds that deciding the motion at this stage of the litigation, given Cape Regional's multiple opportunities to raise the NJCIA issue much earlier, would prejudice Plaintiffs.

This case is four years old. After the Court denied Cape Regional's motion for summary judgment in November, 2015, it appeared as if Cape Regional was ready for trial. Resolving the merits of the instant motion would substantially set-back this litigation. The Court will not allow it.

**IV. Conclusion**

For the above-stated reasons, Cape Regional's Motion to Limit Damages will be denied. An appropriate order accompanies this opinion.

                                     s/Renée Marie Bumb
                                     RENÉE MARIE BUMB, U.S.D.J.

Dated: February 9, 2016

6