[NOT FOR PUBLICATION]                    [DOCKET NO. 83]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DOLORES TROILO and KOREY SLOAN, As Administrators of the Estate of DAVEN SLOAN and DOLORES TROILO in her own right and KOREY SLOAN in his own right, | : : : : : : : : | |
| Plaintiffs, | : : | HONORABLE RENÉE MARIE BUMB CIVIL ACTION NO. 13-2012 |
| v. | : : | **OPINION** |
| RICHARD MICHNER, D.O., JOSEPH MILIO, D.O., MARY HERRON, N.P., CATHY GERIA, A.P.N., COMPLETE CARE HEALTH NETWORK d/b/a/ COMPLETE CARE WOMEN'S CENTER, MICHNER & MILIA, P.A., CAPE REGIONAL MEDICAL CENTER, | : : : : : : : : : : | |
| Defendants. | : | |
| _____ | : | |

**APPEARANCES**:

LOCKS LAW FIRM, LLC
By:  Jennifer L. Emmons, Esq.
801 N. Kings Highway
Cherry Hill, New Jersey 08034
        Counsel for Plaintiffs

DRAKE LAW FIRM, P.C.
By:  Steven Drake, Esq.
P.O. Box 345
29 North Shore Road
Absecon, New Jersey 08201
        Counsel for Defendant Dr. Richard Michner

CRAMMER, BISHOP & O'BRIEN
By:  David J. Bishop, Esq.
508 New Jersey Avenue, Suite B-3
Absecon, New Jersey 08201
          Counsel for Defendant Cape Regional Medical Center


**BUMB**, United States District Judge:

Presently before the Court is Defendant Cape Regional Medical Center's Motion for Reconsideration of the Court's Order and Opinion of February 9, 2016 denying Cape Regional's Motion to Limit Damages (Docket Entry #83).  The Court holds that Cape Regional has, indeed, demonstrated good cause for filing the Motion to Limit Damages after the dispositive motion deadline, and therefore the instant Motion for Reconsideration will be granted as to that issue.  However, the Court will reserve decision on whether the New Jersey Charitable Immunities Act (NJCIA) damages cap, N.J.S.A. 2A:53A-8, applies to Cape Regional until after Plaintiffs submit briefing on the question.


**I.   Background and Procedural History**

The underlying facts of this suit are recited in the Court's previous two summary judgment opinions found at docket entries 63 and 65.  *See Troilo v. Michner,* 2015 U.S. Dist. LEXIS 154015 (D.N.J. Nov. 12, 2015); 2015 U.S. Dist. LEXIS 153687 (D.N.J. Nov. 13, 2015).

2

The opinion that is the subject of the instant motion for reconsideration may be found at docket entry 80, and at *Troilo v. Michner*, 2016 U.S. Dist. LEXIS 15382 (D.N.J. Feb. 9, 2016). Most relevant to the instant motion, the prior opinion explained that Cape Regional had not demonstrated good cause for filing its Motion to Limit Damages after the dispositive motion deadline because it gave no reason at all:

> Now, approximately four months after the United States' motion for summary judgment, five-and-a-half months after the dispositive motion deadline, and nine months after Cape Regional's only motion for summary judgment, Cape Regional has effectively moved for summary judgment on the NJCIA issue *without even acknowledging that it has raised the issue very late*. The Court finds no good cause to excuse Cape Regional from the dispositive motion deadline set in the applicable scheduling order.

*Troilo v. Michner*, 2016 U.S. Dist. LEXIS 15382 (D.N.J. Feb. 9, 2016)(emphasis added).


## II.  Legal Standard

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel Lou-Ann Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).


## III. Analysis

Reconsideration of the Court's prior decision is warranted because Cape Regional has now explained its reasons for the late filing of its Motion to Limit Damages.  Whereas no explanation was given before, Cape Regional now explains that it made a reasoned decision to delay filing its Motion to Limit Damages, which decision was based on several factors affecting various aspects of this complex case.  Those factors include its own outstanding motion for complete summary judgment that was still pending at the time the dispositive motion deadline passed, the fact that another summary judgment motion was expected to be filed by Cape Regional's co-defendant, and its uncertainty as to whether, as a matter of law, its Motion to Limit Damages was, indeed, a dispositive motion.[1]

Without passing on whether Cape Regional's reasons for delay were ultimately correct, the Court nonetheless finds that Cape Regional's explanation "'understandably account[s] for failure of counsel to undertake to comply with the Scheduling Order.'" *Troilo*, 2016 U.S. Dist. LEXIS 15382 at *3 (quoting *Merrell v. Weeks Marine, Inc.*, 2013 U.S. Dist. LEXIS 107170 at *10 (D.N.J. July 31, 2013)).  Accordingly, the Court holds that Cape Regional has demonstrated good cause for excusing it from

---

[1]  Moreover, nothing in the record before the Court suggests that the late filing was due to gross neglect or bad faith.

the dispositive motion deadline.  The Motion for Reconsideration
will be granted to that extent.

Cape Regional's Motion for Reconsideration goes further,
however, and seeks a ruling on the underlying merits issue--
i.e., does the damages cap apply?  The Court will reserve
decision on that question because Plaintiffs have not yet
submitted briefing.

## IV.  Conclusion

For the above-stated reasons, Cape Regional's Motion for
Reconsideration will be granted as to the holding that Cape
Regional's untimely filing of its Motion to Limit Damages will
not be excused.  The Court reserves decision on the
applicability of the damages cap, and will direct Plaintiffs to
file opposition to Cape Regional's Motion to Limit Damages
within 21 days.  An appropriate order accompanies this opinion.

Date: March 14, 2016

        s/ Renée Marie Bumb
        RENÉE MARIE BUMB, U.S.D.J.